United States District Court
Southern District of Texas
**ENTERED**
November 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| DANY JACKSON ARTEAGA-DIAZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-522 |
| | § | |
| TODD BLANCHE *et al.* | § | |

## ORDER

Before the Court is Petitioner's Motion for Reconsideration (Dkt. No. 13). For the reasons below, Petitioner's Motion (Dkt. No. 13) is **GRANTED IN PART**.

## I. BACKGROUND

On July 2, 2026, the Fifth Circuit issued its opinion in *Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. 2026), and the Court promptly ordered Respondents to provide Petitioner with a bond hearing (Dkt. No. 11 at 1). The Court contemporaneously entered final judgment (Dkt. No. 12). However, within days of the *Rodriguez* decision, the Fifth Circuit vacated the panel's opinion and decided to rehear the case *en banc*. *Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026). Recently, the *en banc* court held that aliens detained under 8 U.S.C. § 1225(b)(2)(A) are not entitled to additional proceedings beyond what Congress afforded them by statute. *Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026).

Shortly after the Fifth Circuit vacated the panel's opinion, Petitioner moved for reconsideration of this Court's ruling, arguing that the panel's *Rodriguez* opinion was no longer binding and that the Court should order his release (*see* Dkt. No. 13). Respondents did not respond to the motion. However, they moved the Court to vacate its previous rulings and stay the case pending the Fifth Circuit's *en banc* resolution of *Rodriguez* (Dkt. No. 14).

## II. LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not address motions for reconsideration, "the Fifth Circuit has explained that such a motion will be treated as either a motion to alter or amend under Rule 59(e) or a motion for relief from judgment under Rule 60(b).'" *Brooks v. Wal-Mart Louisiana, LLC*, No. 6:25-CV-00577, 2026 WL 1910347, at *1 (W.D. La. July 2, 2026) (citation modified) (quoting *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991)). Rule 59(e) applies when a motion for reconsideration is filed within twenty-eight days of the reviewable order. *Dante v. Power Home Remodeling Grp. LLC*, No. 4:24-CV-3099, 2026 WL 1597482, at *1 (S.D. Tex. May 18, 2026) (citation omitted), *report and recommendation adopted*, No. 4:24CV3099, 2026 WL 1591835 (S.D. Tex. June 3, 2026). "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Berezowsky v. Rendon Ojeda*, 652 F. App'x 249, 251 (5th Cir. 2016) (citation modified) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)).

## III. DISCUSSION

Given the Fifth Circuit's intervening decisions, the Court finds it appropriate to reconsider its previous rulings in this action. To begin, the Court's previous Order and Judgment were predicated on the panel's since-vacated *Rodriguez* opinion (*see* Dkt. Nos. 11, 12). That decision no longer binds this Court, and the *en banc* opinion expressly rejected the relief prescribed by the panel. *Rodriguez*, 2026 WL 3181188, at *1. Given the change in controlling law, the Court will reconsider this matter. *See Alexander v. Wells*

*Fargo Bank, N.A.*, 867 F.3d 593, 603 (5th Cir. 2017) (reversing a district court's denial of Rule 59 relief where there was an intervening change in controlling law).

In ruling on Petitioner's Due Process claim, the Court did not address any of Petitioner's other causes of action (*see* Dkt. No. 11). As a result, the Court will permit the parties to submit supplemental briefing in light of the Fifth Circuit's recent guidance. Additionally, if there are any material changes in Petitioner's immigration proceedings that alter Respondents' detention authority, the parties must advise the Court of such developments.

## IV. CONCLUSION

For the reasons above, Petitioner's Motion for Reconsideration (Dkt. No. 13) is **GRANTED IN PART**. The Court **REOPENS** this action and **VACATES** its previous Order and Final Judgment (Dkt. Nos. 11, 12). Respondent's Motion for Leave to File Response, Motion to Vacate Order, and Motion to Stay Case (Dkt. No. 14) is **DENIED AS MOOT**.

The parties are **ORDERED** to file supplemental briefing addressing Petitioner's claims in light of *Rodriguez*. Petitioner is **ORDERED** to file his supplemental briefing by **November 17, 2026**. Respondents are **ORDERED** to file their supplemental briefing by **November 30, 2026**.

It is so **ORDERED**.

**SIGNED** November 9, 2026.

Marina Garcia Marmolejo
United States District Judge